**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                 Case No.:    3:09-cr-79-J-34JRK

CLIFFORD WILBUR,

        Defendant.

_____/

## ORDER

Before the Court is Defendant Clifford Wilbur's "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 750." (Doc. 180, Motion). Wilbur seeks to reduce his prison term based on Amendment 750 to the United States Sentencing Guidelines, a retroactive guidelines amendment which revised the crack cocaine quantity table in U.S.S.G. § 2D1.1 by reducing the offense levels for crack cocaine offenses.

Although not immediately related to the instant Motion, the Court appointed the Federal Public Defender's Office to evaluate whether Wilbur qualified for relief under Amendment 782, a subsequent Guidelines amendment that, like Amendment 750, also lowered the base offense levels for crack cocaine offenses. (Doc. 172, Order Appointing FPD). The Federal Public Defender notified the Court that Wilbur is ineligible for a reduction because his base offense level was not determined according to the drug quantity table, but instead according to his classification as a career offender under

U.S.S.G. § 4B1.1. (Doc. 178, FPD's Notice). The United States Probation Office reached the same conclusion. (Doc. 174, Amendment 782 Memorandum).

The Court has reviewed the Motion, the presentence investigation report, and the Amendment 782 Memorandum. For the same reasons that Wilbur is ineligible for Amendment 782 relief, he is also ineligible for relief under Amendment 750. The record shows that at sentencing, the Court did not rely on the drug quantity table in § 2D1.1(c) to calculate Wilbur's Guidelines range. Instead, the Court determined his Guidelines range based on the finding that he qualified as a career offender pursuant to U.S.S.G. § 4B1.1. Amendment 750 only affects sentences determined by the application of the drug quantity table in § 2D1.1(c). See U.S.S.G. App. C, Amend. 750 (2011). Where, as here, "a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2). Indeed, the Eleventh Circuit has held that a defendant is ineligible for relief under Amendment 750 where his Guidelines range was based upon the career offender enhancement. United States v. Berry, 701 F.3d 374, 376-77 (11th Cir. 2012). As such, Wilbur does not qualify for a reduced sentence on account of Amendment 750.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. 180) is

**DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 7th day of August, 2017.

**MARCIA MORALES HOWARD**
United States District Judge

Copies to:
Counsel of Record
United States Marshals Service
United States Probation Office
Bureau of Prisons
Defendant